IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AUDIO BALLOTS OF ARKANSAS, INC.                               PLAINTIFF

vs.                         CASE NO. 4:09CV443BSM

ELECTION SYSTEMS & SOFTWARE, INC.                             DEFENDANT

**JOINT STIPULATED PROTECTIVE ORDER**

WHEREAS the parties to this proceeding, Audio Ballots of Arkansas, Inc. and Election Systems & Software, Inc. recognize that during the course of this proceeding, issues may arise which may require the disclosure of trade secrets, confidential information, or sensitive commercial, financial, proprietary or business information, and the parties desire to pursue discovery with a minimum of delay and expense;

WHEREAS such information should not be released into the public domain, but rather should be treated as Confidential pursuant to the privacy and business interests of the parties;

WHEREAS the parties have, through the undersigned counsel, agreed to be bound by and stipulated to the entry of this Stipulated Protective Order to prevent unnecessary disclosure or dissemination of such Confidential information;

WHEREAS the Court has found that the parties should respect and recognize the privacy interests of each other by the avoidance of any release of the confidential information, documents, or things that are produced in this action;

IT IS HEREBY STIPULATED, AGREED AND ORDERED that the terms and conditions of this Stipulated Protective Order shall govern the production and handling of documents and things, answers to interrogatories, depositions, pleadings, exhibits and other information exchanged by the parties, in this action:

The Court having reviewed the stipulation of the parties, and the Court being otherwise duly advised in the premises; **IT IS ORDERED:**

1. When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever including, but not limited to documents produced by the producing party to this action whether pursuant to Rule 34, subpoena or by agreement.

2. For purposes of this Order, the term "party" includes a party's officers, employees, directors or attorneys.

3. Any party or other person producing documents, testimony or information that contains confidential, proprietary, technical, scientific, business, financial and/or any other information they deem confidential, which is not generally known and which the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information, the present disclosure of which would, in the good faith judgment of the designating party, be detrimental to the designating party in the conduct of its business may designate such documents, testimony and/or information as "CONFIDENTIAL" and subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is desired, "CONFIDENTIAL".

4. All documents and every portion thereof so designated as described in paragraph 3 hereof, and produced pursuant to any discovery procedure or informal exchange of documents in this matter, shall be considered "Confidential" for purposes of this Order and shall only be used by the non-producing parties for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever. However, the non-producing party may challenge the "Confidential" designation by (1) first attempting to informally resolve the designation dispute with counsel for the producing

party within seven (7) business days of such designation and production; and (2) if not informally resolved, then by filing an appropriate motion with Court within fifteen (15) business days after such disputed designation and production. In any event, all documents shall be treated as Confidential until agreed otherwise or until the Court issues an Order declaring that such documents shall not be considered Confidential.

5. No Confidential documents, nor any portion or summary thereof, shall be given, shown, disclosed or communicated by the non-producing parties in any way to any person or entity other than:

   a. the attorneys of record for the parties;

   b. the members or employees of the law firms of the attorneys of record who are involved with the prosecution or defense of the litigation;

   c. Court personnel and stenographic reporters, engaging in proceedings as are necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action;

   d. the parties to this litigation;

   e. any arbitrator, mediator, or other alternative dispute resolution facilitator in front of whom the parties agree to appear or are ordered to appear;

   f. persons actually deposed or called to testify at any hearing or trial;

   g. attorneys retained to represent third-parties at hearings, depositions or trial; and

   h. any experts who are employed or retained by counsel for assistance in this litigation.

6. Before disclosure of any Confidential document is made to any person described in paragraphs 5(d), 5(e), 5(f), 5(g), or 5(h) above, the person to whom disclosure is made shall be given a copy of this Order and shall agree in writing (in the form attached hereto as Exhibit "A") to be bound by the terms of this Order. Counsel for each disclosing party shall maintain a file of such written agreements until this action is completed.

7. No person to whom a document or information designated Confidential pursuant to this Order is furnished or disclosed shall copy or otherwise use the document or information for any purpose whatsoever, except in connection with pre-trial proceedings, preparation for trial, trial or other proceedings associated with the above-captioned litigation.

8. Any party or attorney for a party furnishing documents or disclosing information pursuant to the terms of this Order shall not waive the Confidentiality thereof.

9. Any person receiving a document designated as Confidential shall take reasonable precautions with regard to storage, custody, and use to prevent the unauthorized or inadvertent disclosure of any Confidential information.

10. Any document designated as Confidential may be used to examine or cross-examine any witness at any hearing, deposition, or trial in this action. However, to the extent that any other person is present at such hearing, deposition, trial, or other legal proceeding and is not a person to whom the designated Confidential document or information may be disclosed, and subject to any agreement or order from the Court, there shall be no disclosure of the designated Confidential information or document unless and until all such persons are excluded from the proceeding during the disclosure or use of the material. Every court reporter taking any testimony relating to designated Confidential

documents or information shall be informed of and provided with a copy of this Order, and shall adhere to the provision hereof.

11. If any Confidential document or information is filed or otherwise presented to the Court by either party in a manner that requires its inclusion in the file maintained in the Clerk's Office, unless the parties agree otherwise, such document shall be filed under seal, which means, in a sealed envelope marked "CONFIDENTIAL" with the case caption and a brief title or exhibit number describing the enclosed material on the front of the envelope. This paragraph, shall not prevent the use of any document or data designated as CONFIDENTIAL in connection with mediation, facilitation, motions, or other Court-ordered proceedings, provided that the use of the documents/information is in accordance with this Order

12. Transcripts of the depositions covered by this Order shall be filed under seal in the manner described above.

13. The failure to designate information in accordance with this Protective Order or the failure to object to a designation at or within a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenge the propriety thereof.

14. Promptly after final termination of this action by judgment, settlement, or otherwise, all confidential information and materials furnished or produced under the terms of this Protective Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, all exhibits marked in discovery or at trial, and materials which, in the judgment of the attorney in possession of the

materials, are work product materials, shall be destroyed or delivered to the counsel for the producing party, unless otherwise agreed in writing. The above-described pleadings, exhibits, and work product materials may be retained in confidence under the terms of this Protective Order by outside counsel for the party.

15. This Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of documents or information, and to the use or admissibility at any hearing of any evidence, whether or not comprised of documents or information governed by this Order.

16. This Order is without prejudice to the right of any party to seek relief from the Court from any of the restrictions provided above upon good cause shown or for any other grounds provided by applicable law.

17. The Court shall have the discretion to impose sanctions upon any person who grants access to the Confidential documents or information for any purpose other than the preparation or trial of this matter or who otherwise violates the terms of this Order, including consequential damages, sanctions, costs, attorneys' fees and other appropriate relief to the original disclosing party.

**IT IS SO ORDERED.**

**Date: March 4, 2010**

_____ *Brian S. Miller*
**United States District Judge**

Stipulated as to form and substance:

| | |
|---|---|
| Audio Ballots of Arkansas, Inc. | Election Systems & Software, Inc., Plaintiff, |
| By: s/ *David M. Donovan* | By: s/ *Charles L. Schlumberger* |
|     Gill A. Rogers |     Michael C. Cox, #17588 |
|     LARKOWSKI & ROGERS |     M. Shaun McGaughey, #18605 |
|     1501 N. University Ave., Suite 552 |     KOLEY JESSEN P.C., L.L.O. |
|     P.O. Box 7348 |     1125 South 103 Street, Suite 800 |
|     Little Rock, AR 72217-7348 |     Omaha, NE 68124 |
| |     (402) 390 9500; (402) 390 9005 (facsimile) |
|     and |     mike.cox@koleyjessen.com |
| |     shaun.mcgaughey@koleyjessen.com |
| | |
| |     and |
| | |
|     Richard N. Watts |     Charles L. Schlumberger (79253) |
|     David M. Donovan |     Quattlebaum, Grooms, Tull & Burrow PLLC |
|     WATTS, DONOVAN & TILLEY, P.A. |     111 Center Street, Suite 1900 |
|     200 S. Commerce Street, Suite 200 |     Little Rock, AR 72201 |
|     Little Rock, AR 72201-1769 |     (501) 379-1700l (501) 379-1701 (facsimile) |
| |     cschlumberger@qgtb.com |
|   Attorneys for Plaintiff | |
| | Attorneys for Defendant. |

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AUDIO BALLOTS OF ARKANSAS, INC.                                PLAINTIFF

vs.                CASE NO. 4:09CV443BSM

ELECTION SYSTEMS & SOFTWARE, INC.                              DEFENDANT

   Defendant.

  I, _____, do hereby acknowledge that I have received and read a copy of the attached Joint Stipulated Protective Order, and I agree to be bound by the terms of the Order, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Order and for judicial action for any violation of the Order.

  DATED this _____ day of _____ 2010.

              _____
              Relationship to this lawsuit:

              _____

STATE OF _____ )
          ) ss.
COUNTY OF _____ )

Subscribed and sworn to before me this _____ day of _____ 2010.

              _____
              Notary Public

519001.1